1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7     SEIRA CARRASCO,                        Case No. 23-cv-03704-SI
8                   Plaintiff,
9            v.                              **ORDER GRANTING PLAINTIFF'S
                                             MOTION TO ADD A DEFENDANT
10    COSTCO WHOLESALE CORPORATION,          AND REMANDING CASE TO STATE
                                             COURT**
11                Defendant.                 Re: Dkt. No. 10
12

United States District Court
Northern District of California

13          Before the Court is plaintiff's motion for leave to amend the complaint to add/substitute a

14   defendant and motion to remand back to state court. Dkt. No. 10. Defendants oppose. Dkt. No.

15   11. For the reasons discussed at the October 13, 2023 hearing and below, the Court GRANTS the

16   motion and REMANDS the case back to the Superior Court of California, County of San Mateo.

17

18                                     **BACKGROUND**

19          Plaintiff Carraso filed her original complaint in the Superior Court of the State of California,

20   County of San Mateo on July 5, 2023 against Costco and Doe defendants 1 through 10, alleged to

21   be agents or employees of named defendant. Dkt. No. 1-2. The complaint asserts causes of action

22   for general negligence and premises liability based on plaintiff's allegation that on or about August

23   23, 2021 she slipped and fell on a piece of meat in the "refrigerated section in the Costco

24   poultry/meat department," resulting in "severe injuries." Dkt. No. 1-2 at 3-5.[1] On July 26, 2023

25   Costco filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.

26          Plaintiff now moves for leave to amend her complaint to add Juan Carlos Garcia as a

27

28          [1] Page numbers here refer to the ECF page numbers.

defendant, substituting him as Doe 1, and to remand the case back to state court. Dkt. No. 10 at 2-3. Plaintiff alleges that she recently learned the identity of Garcia, believed to be the manager on duty and responsible for the safety of the premises on the date of the incident. *Id.* at 3.

Costco opposes, arguing that plaintiff is seeking to fraudulently join Garcia in an attempt to destroy diversity jurisdiction. Dkt. No. 11 at 5. In support of its opposition, Costco includes a declaration from Garcia in which he states that on the date of the incident he was the front-end manager of the warehouse, where his job duties were "focused on overseeing the front-end of the warehouse, not the deli section where the accident is alleged to have occurred." Dkt. No. 11-1 at 1-2.

## LEGAL STANDARD

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) is "couched in permissive terms" and the decision whether to permit or deny joinder of a diversity-destroying defendant is left to the district court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to permit the joinder,

> [T]he district court may consider, among other things, (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006). If the Court permits joinder of a nondiverse defendant under section 1447(e), the Court must remand the action to state court. *Taylor v. Honeywell Corp.*, 2010 U.S. Dist. LEXIS 56001, at *4 (N.D. Cal. May 10, 2010) (citing 28 U.S.C. § 1447(e)).

**DISCUSSION**

Weighing the six factors collectively, the Court finds that permitting the diversity-destroying joinder of Garcia is appropriate.  Although Garcia is not a necessary party, it was legitimate to name him as a defendant and whether he was the manager responsible for the section of Costco where plaintiff allegedly fell is a factual issue that cannot be decided on the pleadings.  Plaintiff's motion to amend was timely and the statute of limitations has run.  The issues arising out of plaintiff's claims against Costco and Garcia are identical, and joinder would thus conserve judicial resources and avoid the risk of inconsistent results in different forums.  The Court does not find that joinder of Garcia is solely an attempt to defeat diversity jurisdiction.  Furthermore, discovery has not commenced, and no dispositive motions have been filed.  The Court will thus exercise its discretion under section 1447(e) to permit plaintiff to amend her complaint and join Garcia as a defendant.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion. Plaintiff's First Amended Complaint (Dkt. No. 10), in which Garcia is named as a defendant, is deemed filed.  Because there is no longer subject matter jurisdiction, this action is REMANDED to the Superior Court of California, County of San Mateo, Case No. 23-CIV-02997.

**IT IS SO ORDERED**.

Dated:  October 13, 2023

_____
SUSAN ILLSTON
United States District Judge